IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAUL FERNANDEZ-HERRERA, )<br>)<br>Defendant. ) | Case No. CR-19-396-D |

**O R D E R**

Before the Court is Defendant's *pro se* "Motion to Modify Sentence Pursuant to the Dictates of Title 18, United States Code, Section § 3582(c)(2)" [Doc. No. 82]. The Motion is both unsigned and otherwise ineffective.

Defendant moves for a reduction of his prison sentence based on a retroactive amendment to the Sentencing Guidelines, Amendment 821.[1] Defendant filed a similar motion in April 2024, which was dismissed based on the finding that "[n]o reduction is authorized because Amendment 821 does not have the effect of lowering Defendant's applicable guideline range." *See* Reasons [Doc. No. 81] (citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (district court lacks jurisdiction to act on § 3582(c)(2) motion if defendant is ineligible for relief)). The Court's finding was based on both the government's opposition and his appointed counsel's advisement that "neither the revised

---

[1] Because Defendant appears *pro se*, the Court liberally construes his pleadings and arguments. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

U.S.S.G. § 4A1.1 nor § 4C1.1 amends [Defendant's] guideline sentencing range." *See* Notice [Doc. No. 76]. For these same reasons, the Court finds that Defendant is ineligible for relief and thus the Court lacks jurisdiction to act.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 82] is **DISMISSED**.

**IT IS SO ORDERED** this 1st day of August, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge